SPENCER *vs.* WOODBURY.

The assignee of an instrument in writing not negotiable, cannot maintain an action thereon in his own name.

This was an action commenced before a Justice of the Peace of Ramsey County, on the 20th day of June, 1851, upon the following instrument, in the name of the assignee thereof:

"I do agree to cut and split two thousand rails on the northwest quarter of Section 20, Township 29 north, and Range 22 west, on or before the first day of May next, to be delivered to Elliott Adams or bearer.

(Signed)    "WARREN WOODBURY."

Dated Feb. 18, 1850.

The plaintiff declared, in writing, upon the above instrument, and filed the same as his bill of particulars. The defendant pleaded *non assumpsit.*

The Justice gave judgment for the defendant, and the case was taken to the District Court on *certiorari,* when the judgment of the Justice was reversed. To review the last judgment, the defendant sued out a writ of Error.

L. EMMETT, for Plaintiff in Error.

PIERSE & MURRAY, for Defendant in Error.

MEEKER, J. The following instrument was executed by Warren Woodbury on the 18th of February, 1850, to wit:

"ST. PAUL, Min. Ter., Ramsey County.

"I do agree to cut and split four thousand rails on the northwest quarter of Section 20, Township 29 north, and Range twenty-two [22] west, on or before the first day of May next, to be delivered to Elliott Adams, or bearer.

"WARREN WOODBURY."

Upon this instrument, as the holder thereof, J. B. Woodbury brought suit before Orlando Simons, a Justice of the Peace in and for the County of Ramsey, who gave judgement for the defendant. Spencer then took it to the District Court of Ramsey County, by *certiorari*, when the Justice's judgment was reversed, and that decision of the District Court is brought before us by writ of Error.

The only question that is legitimately raised in the record before us, is whether the writing upon which this suit is based is negotiable or assignable, so as to vest in any holder other than the original obligee a right of action at law. It is at most but a chose in action, and as that class of rights were not assignable at common law, and as the Statutes in force at the time, rendering notes assignable promising the payment ot money, does not affect other obligations, promising payment of anything else, or the performance of labor, the action in this case upon the obligation in question cannot be maintained at law.

The judgment of the District Court is therefore reversed with costs.